1
2
3          UNITED STATES DISTRICT COURT
4               DISTRICT OF NEVADA
5                      * * *
6    JAMIL GERONIMO,                        Case No. 3:19-cv-00586-MMD-WGC
                              Plaintiff,
7         v.                                         ORDER
8    WASHOE COUNTY JAIL, *et al.*,
9                             Defendants.
10

11         This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983

12   by a former county inmate. On July 21, 2020, this Court issued an order directing Plaintiff

13   to file his updated address with this Court on or before August 21, 2020. (ECF No. 5.) The

14   deadline has now expired, and Plaintiff has not filed his updated address or otherwise

15   responded to the Court's order.

16         District courts have the inherent power to control their dockets and "[i]n the exercise

17   of that power, they may impose sanctions including, where appropriate . . . dismissal" of a

18   case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

19   A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

20   action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v.*

21   *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local

22   rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for

23   failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856

24   F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule

25   requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal*

26   *Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with

27   court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming

28   dismissal for lack of prosecution and failure to comply with local rules).

1    In determining whether to dismiss an action for lack of prosecution, failure to obey

2    a court order, or failure to comply with local rules, the court must consider several factors:

3    (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

4    manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

5    disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See*

6    *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130;

7    *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

8    Here, the Court finds that the first two factors, the public's interest in expeditiously

9    resolving this litigation and the Court's interest in managing the docket, weigh in favor of

10   dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of

11   dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

12   in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air*

13   *West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring

14   disposition of cases on their merits—is greatly outweighed by the factors in favor of

15   dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the

16   court's order will result in dismissal satisfies the "consideration of alternatives"

17   requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d

18   at 1424. The Court's order requiring Plaintiff to file his updated address with the Court on

19   or before August 21, 2020, expressly stated: "IT IS FURTHER ORDERED that, if Plaintiff

20   fails to timely comply with this order, the Court shall dismiss this case without prejudice."

21   (ECF No. 5.) Thus, Plaintiff had adequate warning that dismissal would result from his

22   noncompliance with the Court's order to file his updated address on or before August 21,

23   2020.

24   It is therefore ordered that this action is dismissed without prejudice based on

25   Plaintiff's failure to file an updated address in compliance with this Court's July 21, 2020,

26   order.

27   It is further ordered that the application to proceed *in forma pauperis* (ECF No. 1)

28   and the motion for appointment of counsel (ECF No. 4) are denied without prejudice.

2

It is further ordered that the Clerk of Court close the case and enter judgment accordingly.

DATED THIS 26th day of August 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE